UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK SULLIVAN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 13-11504-LTS |
| RAYMOND MARCHILLI, | ) ) ) | |
| Respondent. | ) ) | |

ORDER ON PETITIONER'S APPLICATION
FOR A CERTIFICATE OF APPEALABILITY

March 24, 2015

SOROKIN, J.

On January 13, 2015, this Court denied the federal habeas petition filed by Mark Sullivan, an inmate at North Central Correctional Institution in Gardner, Massachusetts. Sullivan v. Marchilli, No. 13-cv-11504-LTS, 2015 WL 162863, at *1 (D. Mass. Jan. 13, 2015). The Court noted that "difficult" First Amendment questions had been raised by Sullivan at trial and on direct appeal in state court – specifically, whether a photograph of a nude young girl constituted a "lewd exhibition" of her breasts and pubic area, and whether possession of the photograph therefore violated state child pornography laws. Id. Indeed, the Massachusetts Appeals Court resolved those close questions in a split decision, with a lengthy and passionate dissent by one of the three justices on the panel. See generally Commonwealth v. Sullivan, 972 N.E.2d 476 (Mass. App. Ct. 2012).

When challenged in the context of federal habeas review, however, those complex questions may be viewed only through the lens of the strict standards governing such review.

See, e.g., Burt v. Titlow, 134 S. Ct. 10, 16 (2013) (noting "formidable barrier" to habeas relief where state courts have adjudicated the merits of a prisoner's claim). With those stringent standards in mind, this Court concluded: "Regardless whether I might share the dissenting justice's views if I were considering Sullivan's claim de novo or on direct review, the stringent standards [governing habeas review] do not permit me to overturn the MAC's decision 'simply because [I might] disagree[] with [it].'" 2015 WL 162863, at *4 (quoting Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) (per curiam)).

Sullivan now seeks a certificate of appealability permitting him to pursue review of his First Amendment claim by the Court of Appeals. Certificates of appealability may be issued pursuant to 28 U.S.C. § 2253(c) where a petitioner has shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations and citations omitted). The First Amendment questions presented in Sullivan's case are serious ones, and their proper resolution plainly is open to debate. This fact is demonstrated by the thoughtful analyses of those issues conducted by both the MAC majority and the dissenting justice there, and was acknowledged by this Court in its Memorandum and Order denying the petition. Although the limitations of habeas review restrict the manner in which those issues may be addressed in these proceedings, the Court is satisfied that Sullivan's claim implicates important constitutional questions that "deserve encouragement to proceed further." Id.

Accordingly, Sullivan's application for a certificate of appealability (Doc. No. 40) is

2

ALLOWED.[1]  In accordance with the First Circuit's order dated March 20, 2015, see Doc. No. 42, the Clerk is hereby directed to forward this Order to the Court of Appeals forthwith.

                                        SO ORDERED.

                                       /s/ Leo T. Sorokin
                                       Leo T. Sorokin
                                       U.S. District Judge

---

[1] Sullivan's petition presented a preliminary exhaustion question, raised by the respondent, which this Court resolved in Sullivan's favor. See 2015 WL 162863, at *4-5. No certificate of appealability has been sought, nor does this Court believe one is warranted, insofar as that question was concerned.